**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 97-4511

ROBERT CLAY BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-96-482-DKC)

Submitted: July 31, 1998

Decided: September 18, 1998

Before MURNAGHAN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard D. Bennett, Joseph W. Hovermill, Maura L. DeMouy,
MILES & STOCKBRIDGE, P.C., Baltimore, Maryland, for Appel-
lant. Lynne A. Battaglia, United States Attorney, Susan M. Ringler,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Clay Brown appeals his convictions for five counts of mail fraud. <u>See</u> 18 U.S.C.A. § 1341 (West Supp. 1998). Brown claims on appeal that the district court erred in denying his motion to suppress and in not granting immunity to a witness that he called on his behalf. Finding no merit to Brown's contentions, we affirm.

Brown asserts first that a search warrant authorizing a search of his residence was not supported by probable cause to believe that the items to be seized were located in his home. During the Government's investigation of a fraudulent scheme to defraud homeowners through bogus offers of home equity credit, Special Agent Roberta Parker applied for and obtained search warrants for Brown's two business addresses and the home address of Michael Clott, one of Brown's associates. Agent Parker's twenty-three page affidavit set forth abundant probable cause to support the issuance of the search warrants.

On July 19, 1995, three teams of agents executed the warrants. Agent Parker was assigned to one of the business locations. Upon her arrival, she discovered that the offices used by Brown and Clott were virtually empty. It appeared that Brown's files and records had been removed, and in particular, a computer brought to that location by Brown was missing.

Agent Parker spoke with the office manager of a law firm located on the same floor and the receptionist for the entire suite. Both reported that Brown had been in the office between July 17 and 18 and that, by July 19, the computer, documents, and files were gone. Brown told the receptionist that the business was shut down and that, if anyone called, they were to be directed to Brown's attorney. Agent Parker was advised by the seizing agents at Clott's residence and the other business address that only a small quantity of business records had been found.

2

After learning this information, Agent Parker contacted Magistrate Judge Kenkel to request a telephonic warrant authorizing a search of Brown's residence. In deciding whether to issue the warrant, Judge Kenkel reviewed the affidavit that Agent Parker had sworn out the previous day. Judge Kenkel then placed Agent Parker under oath, and while she testified, he took notes summarizing her testimony. There was no verbatim recording or transcript made of the conversation. Judge Kenkel issued the warrant, and the missing documents and computer were found in Brown's residence.

At the suppression hearing, Agent Parker testified that she told Judge Kenkel that Brown and Clott's offices were virtually empty. She advised that she had interviewed two persons who worked on the same floor, who stated that Brown informed them that the company was defunct. These persons also stated that, shortly after Brown had been present in the offices, they noticed that the computer, documents, files, and other papers were missing. Agent Parker also stated that she told Judge Kenkel that Brown had no other business address and that she inferred that he had taken his records to his home.

Judge Kenkel also testified at the suppression hearing. He stated that he had no independent recollection of his conversation with Agent Parker, and he relied almost exclusively on his notes in testifying. Judge Kenkel's contemporaneous summary of Agent Parker's testimony read as follows:

> July 19, 1995, 3:00 p.m., by S/A Parker adopts above and in addition, Robert Brown removed all records from office space at 1150 Conn. Ave, N.W., #900, Washington, D.C., Robert Brown told Receptionist company dissolved Robert Brown lives at Bowie, Md address and took property/document to that location . . . .

Brown argued at the suppression hearing that Agent Parker erroneously informed Judge Kenkel that she had direct information that Brown had removed the documents and computer to his home. According to Brown, absent that direct information, Judge Kenkel would not have worded his summary as he did and would not have granted the search warrant. Agent Parker denied making this repre-

3

sentation and maintained that she had told Judge Kenkel that this was her inference from the circumstances.

The district court found Agent Parker to be a credible witness.**1** The court also concluded that Judge Kenkel's notes did not reflect exactly what Agent Parker testified to, but rather represented a summary. The court further relied on Judge Kenkel's testimony that he engaged Agent Parker in conversation and asked her questions and that he relied in part on the fact that two other magistrate judges had found Agent Parker's detailed affidavit constituted probable cause for issuance of a warrant, albeit for different premises.

A search warrant is sufficient if, from the totality of the circumstances, there is probable cause to believe that evidence of a crime will be on the premises to be searched. See Illinois v. Gates, 462 U.S. 213, 230 (1983). An affidavit or testimony in support of a search warrant must show a fair probability that evidence of a crime will be found in the place to be searched. See Massachusetts v. Upton, 466 U.S. 727, 733 (1984). The affidavit need not contain information providing certainty that the objects sought will be found as a result of the search, and it is not necessary that someone personally observed the evidence at the defendant's residence. See Anthony v. United States, 667 F.2d 870, 874 (10th Cir. 1981).

In this case, we find that there was probable cause to support the conclusion that Brown's residence would contain the files, documents, and computer sought. These items belonged to Brown, he was seen in his offices around the same time these items were removed, he had no other business address, and the items were not at the home of his business associate. Therefore, we find an adequate nexus between the premises and the items to be seized. **2**

_____

**1** This issue was reopened to permit further questioning of Agent Parker regarding a suspension from her job, which resulted from her misuse of a government vehicle. The district court considered the new evidence and reaffirmed its finding that Agent Parker was a credible witness. On appeal, we do not review issues of credibility. See United States v. Veras, 51 F.3d 1365, 1370 (7th Cir. 1995).

**2** Brown argues that Judge Kenkel would not have issued the warrant unless Agent Parker had misrepresented the facts to him. However, the

4

Brown next contends that his ability to present an effective defense was compromised by the district court's refusal to compel the Government to grant immunity to a defense witness, John Mudd. Mudd indicated that he would assert his Fifth Amendment privilege against self-incrimination if called to testify. The Government declined to extend immunity to Mudd, even though there was no current investigation or prosecution of Mudd. Brown proffered that Mudd would testify that Clott misrepresented business dealings to Brown and that Brown exhibited a desire to make sure that the mortgages were paid and that things were corrected. Brown now urges this court to hold that the district court should have compelled the Government to extend immunity to Mudd.

Without misconduct or overreaching on the part of the Government, the district court cannot compel the prosecution to provide defense witnesses with immunity for their testimony. See United States v. Abbas, 74 F.3d 506, 512 (4th Cir. 1996). There is no evidence of either misconduct or overreaching in this case. Contrary to Brown's contentions on appeal, this is not a case where the Government manipulated its immunity powers to gain an unfair advantage. The absence of the present decision to prosecute is not evidence of an intention to distort the fact-finding process. See United States v. Turkish, 623 F.2d 769, 777 (2d Cir. 1980). Furthermore, Brown's proffer of Mudd's testimony was vague and cumulative. Consequently, there is no reason to conclude that Brown produced even a minimal showing of prosecutorial overreaching, much less that Brown bore his "heavy burden" to make out the required "decisive" showing. See United States v. Mitchell, 886 F.2d 667, 669 (4th Cir. 1989). We find that the district court did not err in declining to compel the Government to grant immunity to Mudd.

_____

district court found as a matter of fact that Agent Parker had not misrepresented the circumstances during her oral testimony and that Judge Kenkel was not operating under any misconceptions as to what Agent Parker's testimony was. Based on our review of the record, we hold that this finding by the district court was not clearly erroneous. See United States v. Ramos, 12 F.3d 1019, 1022 (11th Cir. 1994) (standard of review). Because we find that Judge Kenkel issued a valid warrant, we need not reach the issue of whether Agent Parker relied in good faith on a defective search warrant.

5

We, therefore, affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED